UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRIOT LOGISTICS, INC., | ) | CASE NO.1:06CV552 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CONTEX SHIPPING (NW), INC., ET AL | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant The Robbins Company's Motion to Dismiss. For the following reasons, the Court denies Defendant's Motion.

### FACTS

Plaintiff's Complaint alleges on December 21, 2004, Patriot Logistics, Inc. ("Patriot") and Contex Shipping (NW), Inc., ("Contex") entered an oral agreement where Patriot would serve as the logistics company responsible for arranging transportation of the tunnel boring equipment. Based on incomplete and inaccurate information supplied by Contex, Patriot quoted a price for its services of $120,000. Subsequent to the original quote and prior to the shipment of the equipment, Contex made material and significant changes to the services

1

requested. Patriot then notified Contex that the modifications rendered the original agreement invalid and the new services requested would substantially increase the costs. Contex then requested Patriot provide logistics to transport the equipment without seeking a new formal quote. Pursuant to the new agreement, Patriot arranged for and provided transportation services to Contex for the successful transportation of the tunnel boring equipment to Austintown. Defendant Robbins Company as consignee and title owner of the freight received and accepted the freight. Contex and/or Robbins failed to pay the invoice amount. Patriot's Complaint alleges breach of contract, an action for account stated, promissory estoppel and fraud against Contex and an action for violation of the Interstate Commerce Act (ICA), 49 U.S.C. §13706 against Robbins.

The Robbins Company has moved to dismiss the action against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Robbins contends Plaintiff was acting as a transportation broker and 49 U.S.C. §13706 does not permit recovery for transportation brokers against the consignee/ beneficial owner.

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted brought under Federal Rule of Civil Procedure 12(b)(6), must establish, beyond a reasonable doubt, that the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wright v. MetroHealth Medical Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995), *quoting Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *See Central States Pension Fund v. Mahoning Nat'l Bank,* 112 F.3d

252, 255 (6th Cir.1997).  "[A] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such a materials are public records or are otherwise appropriate for taking judicial notice". *New England Health Care Employees Pension Fund v. Ernst & Young,* 336 F.3d 495, 502 (6th Cir.2003).

## 49 U.S.C. §13706

49 U.S.C. §13706 states:

> **(a) Liability of consignee.**--Liability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this section when the transportation is provided by motor carrier under this part. When the shipper or consignor instructs the carrier transporting the property to deliver it to a consignee that is an agent only, not having beneficial title to the property, the consignee is liable for rates billed at the time of delivery for which the consignee is otherwise liable, but not for additional rates that may be found to be due after delivery if the consignee gives written notice to the delivering carrier before delivery of the property--
>
> **(1)** of the agency and absence of beneficial title; and
> **(2)** of the name and address of the beneficial owner of the property if it is reconsigned or diverted to a place other than the place specified in the original bill of lading.
>
> **(b) Liability of beneficial owner.**--When the consignee is liable only for rates billed at the time of delivery under subsection (a), the shipper or consignor, or, if the property is reconsigned or diverted, the beneficial owner is liable for those additional rates regardless of the bill of the lading or contract under which the property was transported. The beneficial owner is liable for all rates when the property is reconsigned or diverted by an agent but is refused or abandoned at its ultimate destination if the agent gave the carrier in the reconsignment or diversion order a notice of agency and the name and address of the beneficial owner. A consignee giving the carrier erroneous information about the identity of the beneficial owner of the property is liable for the additional rates.

Defendant Robbins contends brokers are not entitled to recover unpaid freight charges from the consignee or beneficial owner under the ICA.  Robbins contends Patriot acted solely as a transportation broker in the transaction at issue.  Contex was the shipping agent for

3

Defendant Robbins. The carrier of the equipment was Robbins Motor Transport, Inc., an entity that is not a party in this suit. Defendant cites to *S & B Transportation, Inc. v. Allou Distributors, Inc.,* 41 F. Supp.2d 388, 391 (E.D. N.Y. 1999), which held, "contracts between the broker and shipper are not subject to federal regulation." Quoting *Servicemaster v. FTR Transport, Inc.* 868 F. Supp 90, 95 (E.D. Pa. 1994). *S & B* dealt with the commissions charged by a broker to a shipper and not the shipment rates which are at issue in this case.

Plaintiff contends it is licensed as a motor carrier and subcontracted the actual transportation of the freight. Furthermore, Plaintiff's Complaint alleges, " Patriot provided transportation services to Contex, and arranged for the successful transportation of the freight..." (Complaint at ¶11) Pursuant to the holding in *Thrasher Trucking Co. v. Empire Tubulars, Inc.,* 983 F.2d 46 (5th Cir. 1993), if a motor carrier arranges the transportation "which they are authorized to transport and which they have accepted and legally bound themselves to transport," then they are not brokers even if they did not actually transport the freight. Defendant counters that Ohio law looks to what role the party played in the shipment and not whether they were licensed as a motor carrier. In other words, the fact that Patriot is a licensed motor carrier is inconsequential as they acted as a broker in this transaction. See *Ford v. Tandy Transportation, Inc.* 86 Ohio App.3d 364 (1993). 49 U.S.C. §13102 defines broker as, " a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."

The Court did not find and the parties do not cite to relevant Sixth Circuit case law.

4

The Court finds that there is not enough information before the Court regarding the relevant terms and obligations of the parties to the alleged contract to determine whether Patriot was obligated for the shipment and assumed liability for the shipment. Without such information this Court, pursuant to Thrasher, cannot determine the role played by Patriot or what obligations Patriot assumed. While it appears clear a broker generally may not recover under 49 U.S.C. §13706, the *Thrasher* case appears to allow recovery of rates if the broker accepts and legally binds itself to transport the equipment. Because there is a genuine issue of fact what services Patriot provided and what the parties' roles were contractually, the Court does not find Plaintiff cannot prove any set of facts permitting recovery against Robbins. Therefore, the Court overrules Robbins' Motion to Dismiss.

       IT IS SO ORDERED.


<u>October 4, 2006</u>                      <u>s/Christopher A. Boyko</u>
Date                                CHRISTOPHER A. BOYKO
                                       United States District Judge