IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| PATRIOT LOGISTICS, INC., | ) | CASE NO.  1:06CV0552 |
| | ) | |
| | ) | JUDGE BOYKO |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CONTEX SHIPPING (NW) INC., | ) | REPORT AND RECOMMENDATION |
| CONTEX SHIPPING GmBH, | ) | |
| AND THE ROBBINS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court on referral is Plaintiff's Motion for Attorney Fees and

Travel Expenses for Defendant's Failure to appear by Authorized Representative at the Court

Ordered Status/Settlement Conference.  Plaintiff seeks an award of $4,546.00 in fees and expenses.

For the reasons set forth below, the court recommends an award in the amount of $1910.10.


I.

At a case management conference held by Judge Boyko on June 21, 2006 the court

set a status/settlement conference for October 3, 2006.  There appears to be no dispute that all parties

were on notice that Judge Boyko expected counsel and party representatives to appear in person.

On September 26, 2006, three months after the case management conference and four working days prior to the scheduled settlement conference, defendant Contex Shipping (NW), Inc. ("Contex Shipping") filed a motion to excuse attendance of party representative at the status/settlement conference.[1]  Contex Shipping argued that its representative would be required to travel from Seattle to Cleveland and could be available by telephone.  On October 2 Judge Boyko overruled defendant's motion.

The representative for Contex Shipping did not appear at the October 3 conference. Plaintiff's representative did appear, having come to Cleveland from Houston, Texas.  Contex Shipping maintains that by the time it received Judge Boyko's ruling on the motion, its representative could not get to Cleveland from Seattle.  Because Contex Shipping was not represented by a client at the settlement conference, Judge Boyko was forced to reschedule the conference.  At the same time, he invited plaintiff to file a motion for award of sanctions against Contex Shipping.  According to defendant, the status/settlement conference lasted no more than one hour.

Plaintiff seeks the following in fees and expenses: $754.10 for airline fare for its representative; $281.99 for travel expenses for its counsel from Indiana; and $3,510.00 in legal fees for its counsel's preparation for and travel to the conference (19.5 hours at $180.00 per hour). Defendant responds that 1) its representative could not get to Cleveland in the 24 hours between Judge Boyko's order and the conference, 2) it would not have made any difference if Contex Shipping had appeared because it is not a proper defendant to this action, and 3) plaintiff's counsel was required to attend the status conference in any event and thus plaintiff should not be reimbursed

---

[1]Plaintiff filed the same motion; that motion was denied.

2

for the costs it incurred.

II.

Rule 16(a) of the Federal Rules of Civil Procedure reads, in relevant part:

> **Pretrial Conferences; Objectives.**  In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
> *****
> (5) facilitating the settlement of the case.

Rule 16(c) states, in relevant part:

> **Subjects for Consideration at Pretrial Conferences.**  At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to
> *****
> (9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule; . . .

Rule 16(f) states:

> **Sanctions.**  If a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, **the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust**.

(Emphasis added to last sentence.)

Judge Boyko explicitly ordered party representatives to be present.  Defendant waited

three months after that order was issued to request attendance by telephone.  By waiting until four

3

business days before the conference to request an excused absence, defendant placed itself in the situation of not being able to produce a representative in Cleveland.[2]  Moreover, the merits of a case are better presented in the context of a settlement conference than by not attending that conference. Contex Shipping's representative could have argued the company's position much better by being present rather than by disobeying a court order.  The "it didn't make a difference" argument is without merit in the face of a court order and Rule 16.  The court concludes that defendant has not shown that noncompliance was substantially justified or that there exist circumstances making an award of sanctions unjust.

Nevertheless, defendant makes some good arguments about the amount of sanctions requested by plaintiff.  This was a status conference as well as a settlement conference.  Business relevant to the case was conducted which required the presence of defendant's counsel.  Therefore the magistrate judge recommends that plaintiff's request for $2,340 in fees for "[travel to and from Cleveland, OH for Settlement Conference; Meeting with Edwin Sylph regarding conference; Attend Settlement Conference" be disallowed.  The magistrate judge recommends that the court award plaintiff $740.10 in travel expenses for its representative, $810.00 in legal fees for counsel's preparation for the settlement conference, and $360.00 for counsel's preparation of the sanctions motion, a total of  $1,910.10.

III.

For the above stated reasons, the magistrate judge recommends granting plaintiff's

---

[2]The court notes that plaintiff's representative flew here on short notice from Houston. Hedging one's bets requires putting a ticket on hold in case it is needed.

motion and awarding plaintiff the sum of $1,910.00 in fees and expenses.


Dated: March 7, 2007                          s:\Patricia A. Hemann_____
                                              Patricia A. Hemann
                                              United States Magistrate Judge


## **OBJECTIONS**

          Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.  *See United States v. Walters,* 638 F.2d
947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111
(1986).