IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRIOT LOGISTICS, INC., | ) | CASE NO. 1:06CV552 |
| | ) | |
| | ) | JUDGE BOYKO |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CONTEX SHIPPING (NW), INC., | ) | REPORT AND RECOMMENDATION |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court on referral is Defendant Contex's Brief to Recover

Attorneys' Fees and Costs For Plaintiffs' Failure To Timely Provide Requested Discovery.  On June

29, 2007 Judge Boyko ordered an award of fees to defendant Contex Shipping GmbH ("Contex")

as follows:

> After discussing with counsel Plaintiff's failure to timely provide
> requested discovery the Court will allow Defendant to recover the reasonable
> costs of preparing and filing its motion to strike.  Defendant shall file its brief
> to recover costs supported by affidavit an itemized list of expenses no later
> than July 16, 2007.

Plaintiff, Patriot Logistics, Inc. ("Patriot"), filed a Memorandum of Law in Opposition to Contex's

Brief to Recover Attorneys' Fees and Costs.  Contex filed a Reply Brief in support of its motion.

## I.

Contex's Motion to Strike asserted that in filing its Answer to Contex's Counterclaim, Patriot denied facts previously admitted by the company during the course of litigation.  Contex set forth specific examples to support its position.  Further, Contex alleged that Patriot denied facts evident in e-mails attached to the Counterclaim, e-mails that had not been produced by Patriot in the course of discovery.  Finally Contex raised a specific discovery issue: Patriot has failed to produce copies of the specific e-mails  attached to the Counterclaim (five e-mails) or documents referenced in the emails in response to requests set forth in Contex's First Set of Discovery Requests.  Contex's sole request for relief was for the court to strike Patriot's Answer to the Counterclaim as a sham and ingenuous pleading and deem the allegations of the Counterclaim as true.

The Motion to Strike was filed on March 14,2007.  On June 27, 2007 Judge Boyko denied the motion, stating:

> The Court further finds Defendant has untimely moved for sanctions on Plaintiff's alleged failure to provide discovery.  Discovery closed on November 2, 2006.  Defendant Contex waited until March 14, 2007, to move for sanctions for alleged discovery violations though it claims Patriot did not discover the emails until after Defendant filed its Motion to Strike.  At this late juncture the Court will not grant the requested relief.  However, the Court will discuss this issue at the Final Pretrial and may order additional briefs if it determines sanctionable discovery violations may have occurred.

On June 28, 2007 Contex filed a Motion for Reconsideration.  The court denied the motion the same day.  On June 29 the court reconsidered and ordered defendant to "file its brief to recover costs supported by affidavit . . . ."  As set forth above, the court specifically allowed defendant to recover its "reasonable costs of preparing and filing its motion to strike."

## II.

Contex has submitted time records and attorney fees covering the time period of October 4, 2006 through June 29, 2007.  There are numerous entries for review of discovery; review of correspondence from plaintiff's counsel; drafting of correspondence to plaintiff's counsel about various issues; discussions with opposing counsel; research of claims for possible Counterclaim; drafting of Counterclaim; review and revisions to Answer, affirmative defenses and Counterclaim; review of Answer to Counterclaim; review of various court orders; drafting and revising motion to strike and reply brief; reviewing opposition to motion to strike; drafting and revising motion for reconsideration; and research and preparation of the Motion for Attorney's Fees and Costs. Defendant seeks fees in the amount of $11,447.50.

Patriot responds as follows: 1) Contex seeks fees for work performed unrelated to the Motion to Strike; 2) the Motion to Strike focuses only in small part on Patriot's failure to produce the referenced e-mails timely; and 3) some of the entries in the invoice are not clear enough to justify a fee award.[1]

Judge Boyko's Order permits defendant to "recover the reasonable costs of preparing and filing its motion to strike" based upon plaintiff's "failure to timely provide requested discovery . . . ." This court thus focuses on Fed. R. Civ. Pro. 37 to determine the scope of sanctions allowable. Rule 37, Failure to Make Disclosure of Cooperate in Discovery; Sanctions,  provides, in relevant part:

> **(a) Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery....
> ....

---

[1]Plaintiff argues that there is no basis for an award of sanctions under either Fed. R. Civil Pro. 11 or 37 because Judge Boyko failed to make the necessary findings of fact.  That issue is not for this court to resolve; the referral is for a determination of the amount of attorneys' fees only.

**(3) Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

**(4) Expenses and Sanctions.**

**(A)** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

**(c) Failure to Disclose; False or misleading Disclosure; Refusal to Admit.**

(1)  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclose.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) . . . .

Fed. Rule Civ. P. 37(a)(3), (4)(A), (c)(1).

The parties disagree about the scope of the sanctions award.  Judge Boyko has granted Contex's "reasonable costs of preparing and filing its motion to strike."  To this court that means Contex may recover for researching, drafting, and revising the Motion to Strike; reviewing the opposition brief; and researching, drafting, and revising the reply brief.  It does not include counsels' work prior to the preparation of the motion or subsequent to the filing of a reply brief.  Much of the work for which Contex seeks reimbursement is standard litigation procedure well-known to this court (e.g. reviewing discovery to determine whether opposing party has produced

certain documents) and outside of the scope permitted by Judge Boyko. Defendant's "but for" reasoning can extend only so far. "But for" the filing of the Complaint Contex would not have been required to undertake any discovery. If Contex had not undertaken discovery, Patriot would not have withheld documents, etc., etc. The "but for" reasoning could continue *ad infinitum.*

Therefore, the court considers only those fees set forth in the invoices[2] with the following dates: February 6, 2007, March 2, April 5, and May 8. Work devoted to the filing of the Motion for Reconsideration (captured in the invoice dated July 10) was not specified in Judge Boyko's Order and hence is not reimbursable. *See Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). The total amount of fees eligible for reimbursement is $4,981.25 ($850.00 + $381.25 + $988.75 + $2,761.25).

Patriot argues that only a small portion of the Motion to Strike relates to the untimely production of e-mails. Once again the court considers 1) the scope of Judge Boyko's Order and 2) the connection between his grant of sanctions and stated reason, "[p]laintiff's failure to time provide requested discovery."

Paragraph B of Contex's Motion to Strike is captioned "Patriot's Denials Directly Contradict the Amended Complaint." Contex argues in that section of its brief that "Patriot's Answer denies many averments in the Counterclaim that were previously admitted by Patriot, and that are judicial admissions as a matter of law. Patriot's Answer also denies averments that are direct quotes of e-mails between Patriot and Contex. Finally, Patriot's Answer denies that Patriot failed to produce critical e-mails that were obtained by Contex . . . ." The arguments made in support of Paragraph B deal entirely with Patriot's allegedly false answers to Contex's Counterclaim. There is no reference in that portion of the brief that relates to failure to produce e-

---

[2]The referenced invoices are attached to defendant's brief to recover attorneys' fees.

mails.

Paragraph C, on the other hand, is captioned "Patriot's Denials Directly Contradict E-Mails Attached to the Counterclaim, yet not Produced by Patriot" and concerns paragraphs 10-47 of the Counterclaim.  This argument goes directly to the "failure to timely provide requested discovery," the subject of Judge Boyko's Order.[3]  Paragraph D, is captioned "Critical Documents not Produced by Patriot."  Obviously that section of the brief also relates to Judge Boyko's Order. Because the majority of the Motion to Strike is directly related to the Order, this court finds no reason to reduce the amount of sanctions based on plaintiff's argument.

Plaintiff's final argument that Contex's submissions are "mixed" does not apply to those entries covering the invoices set forth above.

III.

For the reasons set forth above, the magistrate judge recommends that the court award Contex $4,981.25 in sanctions, **said amount to be paid by Patriot Logistics, Inc. with no amount charged against counsel for plaintiff.**[4]

Dated: August 20, 2007                    s:\Patricia A. Hemann
                                          Patricia A. Hemann
                                          United States Magistrate Judge

---

[3]Contex takes the position in its reply brief that "[t]his is *not* a 'discovery dispute.'  It was the intentional withholding of documents.  It was not a disagreement as to relevance or scope of discovery.  It was one party, attempting to keep damaging e-mails out of the judicial light of day."  Judge Boyko's Order clearly is to the contrary.  His reason for denying the Motion to Strike was Contex's failure to bring this discovery issue to his attention within the time frame required by the local rules.

[4]Contex has not provided an affidavit regarding the cost of preparing the fee motion.  It would be entitled to those fees also.

<u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters,* 638  F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).