UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRIOT LOGISTICS, INC. ) | CASE NO.1:06CV552 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CONTEX SHIPPING (NW), INC., ET AL) | OPINION AND ORDER |
| ) | |
| Defendants. ) | |

## CHRISTOPHER A. BOYKO, J:

On September 10, 2007, the Court Ordered Defendant Contex Shipping (GmBH) ("Contex") to Show Cause why its Counterclaim should not be dismissed as untimely and ordered Plaintiff and Defendant to Show Cause why Defendant Contex's Counterclaim for Spoliation should not be dismissed for failure to meet the elements of a Spoliation claim under Ohio law. The parties were ordered to submit briefs by September 12, 2007. Both parties filed timely responses to the Court's Show Cause Order.

The Court finds Defendant Contex has failed to file a timely Answer and Counterclaim under the Federal Rules of Civil Procedure. Contex contends FRCP 15(a)'s ten day limitation period does not apply to new parties named in Amended Complaints and that it was entitled to the limitation period under Rule 12. Accepting Defendant's argument, FRCP 12 sets a twenty day limitation period after service for a responsive pleading to be filed. Plaintiff served its Amended Complaint on Defendant on October 14, 2006. Defendants Robbins Company and Contex Shipping (NW) filed timely Answers. Contex Shipping (GmBH) filed its Answer and

Counterclaim on November 13, 2006. Regardless of whether FRCP 15(a) or FRCP 12 apply, Defendants Answer and Counterclaim were untimely filed. On December 8, 2006, Plaintiff asserted in its Reply to Defendant's Counterclaim the defense that the Counterclaim was filed without leave of Court. Having had ample time and notice of its error, and having failed, even at this point in the litigation, to seek leave, the Court finds Defendant Contex Shipping (GmBH)'s Answer and Counterclaim were untimely filed without leave and Orders the Counterclaim stricken. Although the Court has also determined Defendant's Answer was untimely filed, it will not strike the Answer, as the sanction would be too severe at this stage of the litigation and Plaintiff did not assert the untimeliness of the Answer in its Reply.

Even if this Court permitted the untimely filing of Defendant Contex's Counterclaim the Court finds its Spoliation claim failed to meet the elements under Ohio law. In *Smith v. Howard Johnson Company, Inc.*, 67 Ohio St.3d 28, 29 (1993), the Ohio Supreme Court held,

> (1) A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts;

The Court finds that recent Ohio cases refuse to extend the *Smith* holding to cases where spoliation claims did not involve the destruction or alteration of physical evidence, i.e. *Tate v. Adena Regional Medical Center*, 155 Ohio App.3d 524 ( 4th Dist. 2003): *Pratt v. Payne*, 153 Ohio App.3d 450 (2nd Dist. 2003) and *Bugg v. Am. Standard, Inc.* No. 84829, 2005 WL 1245043, at *5 (Ohio Ct. App. May 26, 2005). Defendant cites solely to *Drawl v. Cornicelli*, 124 Ohio App.3d 562 (11th Dist 1997) for the proposition that interference with evidence was sufficient to state a spoliation claim. Defendant admits in its opposition to Plaintiff's Motion in Limine

(ECF#84), the allegedly withheld e-mails were not destroyed nor altered, but were eventually produced. Ohio courts that have examined this issue after *Drawl* have unanimously refused to extend *Smith* to claims such as Defendants where no destruction or alteration of evidence has occurred. Neither will this Court. The Court finds *Drawl* neither persuasive nor controlling. Furthermore, Defendant's own proposed jury instructions cite the *Smith* elements, including the third element requiring the "willful destruction of evidence by defendant designed to disrupt the plaintiff's case". Therefore, in the absence of destruction or alteration of evidence, the Court finds Defendant failed to state a claim under Ohio law for Spoliation.

In light of the foregoing rulings, the Court grants Plaintiff's Motion in Limine (ECF#84) and excludes from trial the following:

1. Any reference to the conduct of the parties during the discovery process;

2. Any reference to Defendant's claims which have been summarily disposed of by this Court;

3. Evidence concerning settlement, compromise, or settlement negotiations or lack thereof between Plaintiff and Defendants;

4. Evidence that this Motion has been presented to the Court for ruling.

IT IS SO ORDERED.

9/13/07
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
SEP 14 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND