IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRIOT LOGISTICS, INC., | ) | CASE NO. 1:06CV552 |
| | ) | |
| | ) | JUDGE BOYKO |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CONTEX SHIPPING (NW), INC., | ) | REPORT AND RECOMMENDATION |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court is the motion of Patriot Logistics, Inc. ("Patriot') for prejudgment and postjudgment interest on money awarded as a result of its lawsuit against defendant Contex Shipping (NW), Inc. ("Contex") during trial. Contex opposes the motion for an award of pre-judgment interest on both amounts. For the reasons set forth below, the magistrate judge recommends that Patriot be awarded $16,826.00 in prejudgment interest and $1,047.00 in postjudgment interest.[1] The magistrate judge further recommends that Patriot's motion for prejudgment interest on $8,000.00 be granted if there was evidence presented at trial of an agreement between the parties related to the purchase of an extra bearing.[2]

I.

---

[1] Contex does not object to the award of postjudgment interest and has not taken issue with the amounts calculated by Patriot.

[2] Patriot did not request a court order with respect to $8000 stipulated to by Contex at trial.
There is no evidence before this court related to the circumstances under which Contex stipulated at trial to owing Patriot $8,000.00.

On June 28, 2007 Judge Boyko granted partial summary judgment to Patriot in the amount of $126,200, the original contract price for shipment of equipment by Patriot for Contex. Citing to evidence in the record, Judge Boyko determined that there was no dispute between the parties as to that original agreement.  Patriot having satisfied its obligations under the agreement, Contex owed Patriot at least $126,200.  According to plaintiff, during the trial Contex stipulated to paying Patriot an additional $8,000.00 related to the contract.  Patriot now takes the position that Contex owes it prejudgment and postjudgment interest on both amounts.

II.

Because this is a diversity case, the court must look to the law on prejudgment interest as it exists in Ohio.  *See Sterling v. Versicol Chem. Corp.,* 855 F.2d 1188 (6th Cir. 1988), *citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).  Ohio Revised Code § 1343.03(A) ("§ 1343.03(A)") reads, in relevant part, as follows:

> In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, . . .

"[P]rejudgment interest . . . acts as compensation and serves ultimately to make the aggrieved party whole."  *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117, 652 N.E.2d 687, 692 (1995).  "'Prejudgment interest * * * imposes a civil sanction against a party who holds money to its own use against the lawful claim of the other party which claim is not seriously disputable.  In other words, this statute removes some of the advantages of delay for a stakeholder * * * who continue to be able to use money which should be paid to another solely because of the deliberative

2

process.'" *Star Bank Nat'l Assoc. v. Cirrocumulus Ltd. P'ship*, 121 Ohio App. 3d 731, 748, 700 N.E.2d 918, 929 (1997). "Where money becomes due under a contract that stipulates the amount to be paid, interest accrues from the time that the money due should have been paid." *Id.* "The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court." *Royal Elec. Constr. Corp.,* syllabus by the court.

Contex argues, first, that it has no liability for prejudgment interest on the $126,200 contract price or on $8,000 for the extra bearing because Patriot never invoiced it for either amount. Hence, it argues, the amount did not become "due and payable" because it was not evinced by an "instrument of writing." Contex claims that by its failure to submit an invoice, Patriot "never claimed [the amounts] were due and owing." Opposition brief at 2. Nevertheless, Judge Boyko stated in his ruling on Patriot's partial motion for summary judgment that Contex did not contest it owed $126,200 on the contract. Quite obviously Contex knew that Patriot had not provided gratuitous services and that the contract (an "instrument in writing") required payment. Contex has offered no support, factual or legal, for the proposition that the agreed upon payment for fulfillment of a contract, written or verbal, is not "due and owing" until the debtor is invoiced for the amount. Its argument lacks legal support and defies logic.

On the other hand, Patriot has offered no evidence in its current motion that Contex contracted to pay $8,000 for the extra bearing. If, in fact, there was even a verbal agreement by Contex to pay for the bearing, Ohio law imposes prejudgment interest from the time Patriot incurred the expense for the item.

3

Contex next argues that it does not owe prejudgment interest on either amount because the amount under the contract was "unliquidated" until summary judgment was granted. Both of the parties rely on appellate court decisions to support their arguments; neither cited to the Ohio Supreme Court case that definitively resolved the "liquidated versus unliquidated" issue:

> It is apparent that courts in Ohio have attached great significance to the liquidated-unliquidated dichotomy, or have refined this rule and allowed prejudgment interest in situations where the claim is unliquidated but "capable of ascertainment." It is also apparent that these judicial creations (liquidated-unliquidated and capable-of-ascertainment tests) have caused much confusion among members of our bench and bar in deciding under what circumstances prejudgment interest is warranted. Hence, we believe that the focus in these types of cases should not be based on whether the claim can be classified as "liquidated," "unliquidated" or "capable of ascertainment." Rather in determining whether to award prejudgment interest pursuant to . . . R.C. 1343.03(A), a court need only ask one question: Has the aggrieved party been fully compensated?
> ******
> The award of prejudgment interest is compensation to the plaintiff for the **period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated** and even if the sum due was not capable of ascertainment until determined by the court.

*Royal Elec. Constr. Corp.*, 73 Ohio St. 3d at 116, 117, 652 N.E.2d at 691-92, 692 (citations and footnotes omitted; emphasis added). The argument of Contex related to whether the amounts due under the contract were "liquidated" is without merit.

### III.

For the reasons stated above, the magistrate judge recommends that Patriot's motion be granted as to the contract amount of $126,200 and Patriot be awarded $16,826.00 in prejudgment interest and $1,047.00 in postjudgment interest. If the payment to Patriot of $8,000 by Contex during trial was based on evidence of an agreement between the parties for the purchase of an extra bearing, the magistrate judge recommends that Patriot be awarded an additional $1,120.00 in

4

prejudgment interest.


Dated: November 8, 2007                s:\Patricia A. Hemann
                                       Patricia A. Hemann
                                       United States Magistrate Judge


## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).