IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRIOT LOGISTICS, INC., | ) | CASE NO. 1:06CV552 |
| | ) | |
| | ) | JUDGE BOYKO |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| CONTEX SHIPPING (NW), INC., et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court is the motion of defendant Contex Shipping (NW), Inc. ("Contex") for an award of costs pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") and 28 U.S.C. § 1920 ("§ 1920"). Plaintiff, Patriot Logistics, Inc. ("Patriot"), opposes the motion, arguing that given the history of this case, Contex is not a "prevailing party." For the reasons set forth below, the magistrate judge recommends that defendant's motion be granted and Contex be awarded $3,775.56 in costs.

I.

This case was filed on March 10, 2006[1] with Patriot alleging breach of contract in an amount over $400,000. Contex subsequently filed a counterclaim against Patriot; the

[1] Patriot filed an Amended Complaint on October 6, 2006.

counterclaim was dismissed by Judge Boyko as untimely.[2] On June 28, 2007 Judge Boyko entered judgment in favor of Patriot in the amount of $126,2000 on a summary judgment motion seeking same. The case proceeded to trial on September 19, 2007. On September 21, 2007 judgment was entered in favor of Contex on Patriot's remaining breach of contract claim.

Contex now seeks an award of $4,149.66 in costs as a prevailing party under Rule 54(d) and § 1920. Patriot opposes the award, taking the position that Contex was not a "prevailing party" under the law and hence is not entitled to costs. The magistrate judge disagrees with Patriot's position.

II.

Rule 54(d) states that "costs other than attorney's fees **shall** be allowed as of course to the prevailing party unless the court otherwise directs . . . ." (Emphasis added.) Section 1920 includes a list of allowable costs, of which the following might be applicable to this matter: fees of the court reporter for all or any of the stenographic transcripts necessarily obtained for use at trial; fees for printing and witnesses; and fees for exemplification and copies of papers necessarily obtained for use in the case.

"A party is a prevailing party under Rule 54(d) even when it is only partially successful." *Andretti v. Borla Performance Indus.*, Inc., 426 F.3d 824 (6th Cir. 2005); *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265-66(6th Cir. 1988). The Supreme Court has determined in fee-shifting situations that a "prevailing party" is one who has received "at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. V. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001). The question is whether there was a "judicially sanctioned

[2]The counterclaim was filed on November 13, 2006.

change in the legal relationship of the parties." *Id.* At 605. Nevertheless, "A district court has the discretion to refuse to award costs to the prevailing party when 'it would be inequitable under all the circumstances in the case' to do so." *Andretti,* 426 F.3d at 836, *citing White & White, Inc. V. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). A district court may refuse to award costs when 1) the costs are unreasonably large, 2) the prevailing party prolonged the litigation or injected issues that lacked merit, 3) when the case was close and difficult, and 4) where the prevailing party's recovery is insignificant. The district court's discretion " is more limited than it would be if the rule were nondirective," and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of cost to the prevailing party." *Goostree v. Tennessee*, 796 F.2d 854, 863-64 (6th Cir. 1986, *cert. denied sub nom. Goostree v. Montgomery County Quarterly Ct.*, 480 U.S. 918 (1987).

Patriot contends that this is an appropriate case for the court to deny costs based on Sixth Circuit law. The court disagrees. First, plaintiff does not argue that the costs are unreasonably large. While this court takes the position that some of the costs are not appropriate and some should be reduced, the proposed reduction does not indicate exaggerated costs. Second, plaintiff cannot argue that defendant prolonged the case when defendant was the one who prevailed and when defendant admitted that it owed plaintiff $126,200. Third, the prevailing party's success was significant. It was not required to pay the $206,487 that Patriot claimed was owed. The fact that the trial lasted only two days from voir dire to verdict indicates to the court that the issues were not close or difficult. Patriot has not overcome the presumption in favor of an award of costs.

The court agrees that defendant is entitled to copying costs as well as transcript costs. The court finds, however, that 18 cents per copy is excessive given the fact that outside copiers

charged 12-15 cents per copy. Moreover, defendant is not entitled to costs incurred for binders, tabs or document numbering. Contex's in-house copying costs are reduced by $60.54 (to 15 cents per page); work performed by outside copiers is reduced by $313.56, for a total reduction of $374.10. Therefore, the magistrate judge recommends an award of costs in the amount of $3,775.56.

III.

For the above stated reasons, the magistrate judge recommends that Contex's motion for an award of costs be granted in the amount of $3,775.56.

Dated: November 9, 2007

s:\Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).